IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 10-80 |
| | ) |
| WALTER VANCE HARRIS, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 30th day of December, 2020, upon consideration of the Motion for Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) of the First Step Act (Doc. No. 90), filed by Defendant Walter Vance Harris ("Harris") in the above captioned matter on October 28, 2020, and in further consideration of the Government's response thereto (Doc No. 92), filed on November 23, 2020, as well as Harris' reply (Doc. No. 93), filed on December 1, 2020,

IT IS HEREBY ORDERED that said Motion is GRANTED. Harris' term of imprisonment is hereby reduced to TIME SERVED. All other conditions of the sentence imposed on January 20, 2011, shall remain in full force and effect. The United States Bureau of Prisons ("BOP") and United States Probation Office are instructed to work to facilitate Harris' release from custody as soon as practicable.

On September 30, 2010, Harris was convicted of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii). On January 20, 2011, this Court sentenced Harris to a term of imprisonment of 188 months and a term of supervised release of 5 years. Harris now seeks "compassionate release," pursuant to 18 U.S.C. § 3582(c)(1)(A). Harris asserts

1

that he: (1) suffers from progressive muscular dystrophy that substantially impairs his ability to provide self-care at FMC Butner; and (2) suffers from obesity, type II diabetes, thalassemia, and hypertension, which place him at higher risk of severe illness and complications in the event that he contracts COVID-19. Harris argues that his medical conditions, both standing alone and in light of the COVID-19 pandemic, constitute an extraordinary and compelling circumstance warranting his release. For the reasons stated below, the Court will grant the motion and reduce Harris' term of imprisonment to time served.

      A district court's authority to modify a sentence in a criminal case that has become final is very limited. See Dillon v. United States, 560 U.S. 817, 819 (2010); United States v. Ponton, 407 Fed. App'x 622, 624 (3d Cir. 2011). District courts do have authority, however, to reduce a final sentence under 18 U.S.C. § 3582(c). Section 3582(c)(1)(A), as amended by the First Step Act, Pub. L. 115-391, 132 Stat. 5194, permits an incarcerated person to petition the court for compassionate release. The statute provides in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> **(i)** extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Harris submitted a request to the warden at FMC Butner on August 7, 2020. (Doc. No. 90-1). On August 21, 2020, the warden at FMC Butner recommended that Harris' sentence be reduced due to his debilitated medical condition. (Doc. No. 90-2). On

September 28, 2020, the warden ultimately denied Harris' request. (Doc. No. 90-3). Because the warden received Harris' request more than 30 days ago, the Court can consider the pending motion for compassionate release. See United States v. Harris, 812 Fed. App'x 106, 107 (3d Cir. 2020). The Government does not dispute that Harris met the procedural requirements of § 3582(c)(1)(A).

Having determined that Harris met the procedural requirements, the Court must next decide whether he has established an extraordinary and compelling reason warranting a reduction in his sentence. Section 3582 itself does not define the term "extraordinary and compelling reasons." Rather, Congress left it to the United States Sentencing Commission to define the term. See 28 U.S.C. § 994(t) (stating that the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). The Sentencing Commission has defined "extraordinary and compelling" pursuant to the Application Notes to U.S.S.G. § 1B1.13 but has not updated this policy statement since the enactment of the First Step Act. "[A] majority of district courts have concluded that the 'old policy statement provides helpful guidance, [but] ... does not constrain [a court's] independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction under § 3852(c)(1)(A).' " United States v. Rodriguez, 451 F. Supp. 3d 392, 397 (E.D. Pa. 2020) (quoting United States v. Beck, 425 F. Supp. 3d 573, 582 (M.D.N.C. 2019)). This Court, however, need not decide whether it may independently determine what constitutes an extraordinary and compelling circumstance. Even assuming the Court's discretion is restricted by U.S.S.G. § 1B1.13, the Application Notes to that section provide that extraordinary and compelling reasons exist where "the defendant is suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant

3

to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, App. Note 1(A)(ii)(I). The Court's findings herein are based on and consistent with this reason.

Harris asserts that he is suffering from a serious medical condition which substantially diminishes his ability to provide self-care. Harris suffers from Becker muscular dystrophy, and he is restricted to a wheelchair as a result. Harris requires assistance from medical staff to complete daily activities and provide self-care. In response to Harris' request for a reduction in sentence, the medical staff at FMC Butner determined that Harris does in fact "meet [the] criteria under Debilitated Medical Condition" for compassionate release. (Doc. No. 90-3). The government does not contest that Harris suffers from Becker muscular dystrophy or that Harris' ability to provide self-care at FMC Butner is significantly limited as a result. Based upon the foregoing, this Court finds that Harris' Becker muscular dystrophy constitutes an extraordinary and compelling circumstance warranting a reduction in his sentence, pursuant to 18 U.S.C. § 3852(c)(1)(A).

Harris also asserts that he suffers from type II diabetes, hypertension, thalassemia, and obesity, all of which have been identified by the Center for Disease Control ("CDC") as risk factors for serious illness or death should he contract COVID-19. Each of these conditions is a risk factor on its own; the risk that Harris' will experience severe symptoms or complications in the event that he contracts COVID-19 is compounded by the fact that he simultaneously suffers from four conditions that have been identified as risk factors. Harris argues that his unique vulnerability to the virus, coupled with the number of COVID-19 cases at FMC Butner, constitutes the type of extraordinary and compelling reasons that would warrant compassionate release.  The Court agrees.

The Third Circuit Court of Appeals has recently held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See also United States v. Roeder, 807 Fed. Appx. 157, 161 n.16 (3d Cir. 2020).  Moreover:

> Over the past few months, district courts in both the pretrial and civil detention contexts likewise have opined that a generalized fear of the virus reaching a given institution is not a proper basis for release. See Ndir v. Doll, No. 1:20-CV-705, —— F. Supp. 3d ——, 2020 WL 2306761, at *5 (M.D. Pa. May 8, 2020) (Conner, C.J.) (collecting cases in civil immigration detainee context); D.M. v. Barr, No. 20-4031, 2020 WL 1969893, at *5 (D.N.J. Apr. 24, 2020) (same); United States v. Anderson, No. 1:19-CR-239, 2020 WL 1953612, at *4, 5 (M.D. Pa. Apr. 23, 2020) (same in pretrial detention context). In other words, something more than a generalized concern regarding COVID-19 is required.

United States v. Stallings, No. 1:12-CR-37, 2020 WL 3619071, at *3 (M.D. Pa. July 2, 2020).  See also United States v. Davidson, No. 2:16-CR-00139-2, 2020 WL 4877255, at *19 (W.D. Pa. Aug. 20, 2020); United States v. Andrews, No. CR 05-280-02, 2020 WL 4812626, at *13 (E.D. Pa. Aug. 19, 2020).  This Court agrees with the consensus position that the COVID-19 pandemic itself does not constitute an extraordinary and compelling reason that would independently justify release pursuant to § 3582(c)(1)(A).

However, while the mere existence of the COVID-19 virus may not warrant compassionate release, courts have, in determining whether to grant relief under § 3582(c)(1)(A), considered whether the defendant's medical conditions, as exacerbated by the ongoing COVID-19 pandemic, rise to an "extraordinary and compelling" level, such that release could be warranted.  See United States v. Iezzi, No. 2:17-CR-00157, 2020 WL 4726582, at *8 (W.D. Pa.

Aug. 14, 2020); Andrews, 2020 WL 4812626, at *13; United States v. Brinson, CR 15-87, 2020 WL 4736258, at **3-4 (W.D. Pa. Aug. 14, 2020).  The Court finds here that Harris' medical conditions do rise to such a level.  The CDC has identified type II diabetes, hypertension, thalassemia, and obesity as factors that increase the risk for severe illness and death from COVID-19.  See People with Certain Medical Conditions, Centers for Disease Control & Prevention (last updated Dec. 29, 2020), https://bit.ly/2CrTAqa.  Harris' health concerns are not just theoretical; he is very much at risk should he come into contact with the virus.  Moreover, his ability to provide self-care such as social distancing and self-isolation is very limited in the prison environment, especially considering the fact that Harris is restricted to a wheelchair and requires assistance from medical staff to complete basic tasks.  Indeed, courts dealing with motions from inmates with similar conditions have found that these conditions, in combination with the COVID-19 outbreak, constitute extraordinary and compelling factors pursuant to § 3582(c)(1)(A).  See, e.g., United States v. Paz, No. CR 92-172, 2020 WL 3958481 (D. N.J. July 10, 2020); United States v. Collier, No. 2:14-CR-00051, 2020 WL 4207670 (W.D. Pa. July 22, 2020); United States v. Pabon, No. CR 17-165-1, 2020 WL 2112265 (E.D. Pa. May 4, 2020). The Government does not dispute the nature of Harris' medical conditions. Furthermore, there are now three active cases involving inmates and seven active cases involving inmates being reported at FMC Butner.  See www.bop.gov/coronavirus (last visited Dec. 29, 2020).  The mere fact that there have been cases at the facility alone may not warrant compassionate release, see United States v. Thornton, No. CR 2:18-167-1, 2020 WL 4368155, at *4 (W.D. Pa. July 29, 2020) ("[T]he existence of the virus in a prison . . . is not sufficient to establish extraordinary and compelling circumstances without some proof that the defendant is at more severe risk for infection than his fellow inmates.") (quoting United States v. Rutley, No. 17-CR-56-PP, 2020

WL 4040729, at *7 (E.D. Wis. July 17, 2020)), but the fact that there have been cases, when coupled with Harris' serious health conditions, is enough to convince the Court that extraordinary and compelling reasons exist justifying relief pursuant to § 3582(c)(1)(A). See United States v. Butler, No. 10-612, 2020 WL 5369754, at *3 (E.D. Pa. Sept. 8, 2020).

"[B]efore granting compassionate release, a district court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.' " United States v. Pawlowski, 967 F.3d 327, 329 (3d Cir. 2020) (quoting § 3582(c)(1)(A)). "In considering the section 3553(a) factors, [the Court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." United States v. Bess, No. 16-cr-156, 2020 WL 1940809, at *10 (W.D.N.Y. Apr. 22, 2020). The decision "whether to reduce an eligible defendant's term of incarceration for compassionate release after considering the § 3553(a) factors is committed to the discretion of the [district court]." United States v. Jones, Crim. No. 1:12-38, 2020 WL 3871084, at *4 (W.D. Pa. July 8, 2020).

In considering the § 3553(a) factors, the Court notes that, though Harris committed a serious drug offense, the underlying offense did not involve violence of any kind. In addition, Harris has already served a lengthy sentence, having completed 146 months, including good time credit, of his 188-month sentence. The Third Circuit has indicated that the length of the defendant's original sentence, and the amount of time served and remaining on that sentence, are relevant in considering the § 3553(a) factors. See Pawlowski, 967 F.3d at 331. The amount of time that Harris has already served reflects the seriousness of the offense, provides just punishment, and promotes respect for the law. With respect to the history and characteristics of the defendant, the Court notes that Harris has made a significant effort to better himself during

7

his time in prison, completing a number of educational, vocational, and self-improvement programs. Though Harris has a remote history of criminal activity, the Court notes that Harris has maintained an impeccable record of good conduct throughout his lengthy term of imprisonment and has not lost a single day of good time credit. Unwarranted sentencing disparities are not at issue here because Harris has already served a lengthy sentence. The Court finds, therefore, that the § 3553(a) factors weigh in favor of reduction in sentence and release.

The Court notes that there is a detainer lodged against Harris by the Commonwealth of Pennsylvania for a parole violation related to the underlying conduct in this case, which was issued more than twelve years ago. The government argues that, though Harris has satisfied all of the criteria for compassionate release, the existence of the detainer precludes any reduction in sentence. The government has not cited to, and this Court did not find, any authority stating that the existence of a detainer precludes a reduction in sentence. Though BOP Program Statement 5050.50 recommends that the existence of a detainer be considered as a factor weighing in favor of or against compassionate release, there is nothing to suggest that the existence of a detainer should preclude a reduction in sentence when all other factors weigh in favor of granting compassionate release. The possibility that the Commonwealth of Pennsylvania will take Harris into custody at the conclusion of his federal sentence does not affect the Court's authority to reduce Harris' sentence pursuant to § 3582(c)(1)(A). See e.g. United States v. Thomas Fields, Crim. No. CCB-08-241, 2020 WL 7263528, at *3 n.3 (D. Md. Dec. 12, 2020) (granting a compassionate release motion and noting that pending state detainer would likely be addressed after defendant's release to state custody). The existence of the detainer lodged against Harris does not affect this Court's analysis under § 3582(c)(1)(A).

Accordingly, the Court finds that compassionate release is warranted pursuant to §

3582(c)(1)(A).  Harris' motion is therefore granted.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:  Counsel of record

cc:  Walter V. Harris, Reg. No. 31371-068
    FMC Butner
    P.O. Box 1600
    Butner, NC 27509